IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY V. CAIBY, | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:21-cv-5357-JDW |
| | : | |
| SUPERINTENDENT | : | |
| JAMIE SORBER, et al., | : | |
| Defendants. | : | |

## MEMORANDUM

Anthony V. Caiby has sued several prison officials pursuant to 42 U.S.C. § 1983 for failing to protect him from and allowing his cellmate to assault and slash him. The Court has reviewed Mr. Caiby's Complaint and determined that it lacks detail to state a plausible claim. The Court will dismiss the Complaint but give Mr. Caiby leave to file an amended pleading that has the required detail.

## I.    FACTUAL ALLEGATIONS

Mr. Caiby alleges that on March 29 and April 6, 2020, his cellmate slashed him and rubbed citric acid on Mr. Caiby's foot causing a rash. He also claims that he suspects someone used a numbing agent on his hand. He told prison staff and medical staff about the attacks. He claims that his cellmate had attacked him before and that he thinks someone solicited the attacks.

Mr. Caiby claims that Defendants allowed a policy, custom, or patten of behavior to exist that led to his being slashed and assaulted. He also alleges that Defendants received warnings about the threats to him in various ways, though he does not say which Defendant or what they knew. He has sued Superintendent Jamie Sorber,[1] Correctional Officer Lisa Clark, Unit Manager Amedent Oliveri, and Police Officer John/Jane Doe in both their official and individual capacities. He bases his claims on the implementation of unconstitutional policies and customs, failure to train prison personnel, and failure to protect him. He seeks declaratory relief and compensatory and punitive damages.

## II.     STANDARD OF REVIEW

Although Mr. Caiby has paid the filing fee in full, the Court has the authority to screen his Complaint pursuant to 28 U.S.C. § 1915A. *See Shane v. Fauver*, 213 F.3d 113, 116 n.2 (3d Cir. 2000). Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that fails to state a claim under § 1915A(b)(1). Whether a complaint fails to state a claim under 1915A(b)(1) is governed by the same standard

---

[1] Mr. Caiby refers to this Defendant as "Michael Sorber" in the caption of his Complaint. (Compl. at 1.) The Court understands Mr. Caiby to be referring to the same individual in both the caption and body of his Complaint.

applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). Accordingly, the Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "At this early stage of the litigation, '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quote omitted). Conclusory allegations do not suffice. *Ashcroft*, 556 U.S. at 678. As Mr. Caiby is proceeding *pro se*, the Court construes his allegations liberally. *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–45 (3d Cir. 2013))

**III.    DISCUSSION**

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A. Request For Declaratory Relief

Mr. Caiby requests a declaration that the policies and customs and failure to train that resulted in his injuries violated his constitutional rights. However, declaratory relief is unavailable to adjudicate past conduct, so Mr. Caiby's request for declaratory relief fails. See CMR D.N. Corp. v. City of Phila., 703 F.3d 612, 628 (3d Cir. 2013).

### B. Official Capacity Claims

Mr. Caiby asserts official capacity claims against all of the Defendants. The Eleventh Amendment bars suits against a state and its agencies in federal court that seek monetary damages. See Pennhurst State Sch. And Hosp. v. Halderman, 465 U.S. 89, 99–100 (1984). Suits against state officials acting in their official capacities are suits against the employing government agency, so the Eleventh Amendment bars them. See Hafer v. Melo, 502 U.S. 21, 25 (1991). Where a claim names state officials based on their positions in state government, rather than their involvement in the activities that caused the alleged constitutional violation, courts deem the claim to be against them in their official capacities and thus entitled to Eleventh Amendment immunity. See Downey v. Pa. Dep't of Corr., 968 F.3d 299, 310 (3d Cir. 2020). The Commonwealth of Pennsylvania has not waived its Eleventh Amendment immunity for lawsuits filed in federal court. See 42 Pa. Cons. Stat. § 8521–22. It and its departments, as well as its officials sued in their official capacities, are immune from suits filed in federal court. The Eleventh Amendment therefore bars all claims against the Defendants in their official capacity.

The Eleventh Amendment serves as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 694 n.2 (3d Cir. 1996). As this dismissal based on Eleventh Amendment immunity is for lack of subject matter jurisdiction, the dismissal is without prejudice even though Mr. Caiby cannot reassert another claim for monetary relief against these Defendants in this court. *See Figueroa v. Buccaneer Hotel Inc.*, 188 F.3d 172, 182 (3d Cir. 1999).

### C. Failure To Protect Claims

The Eighth Amendment, made applicable to the individual states through the Fourteenth Amendment, prohibits states from inflicting "cruel and unusual punishments" on those convicted of crimes. *See Rhodes v. Chapman*, 452 U.S. 337, 344–46 (1981). Under the Eighth Amendment, prison officials have a duty to provide humane conditions of confinement, including taking reasonable measures to guarantee the safety of the inmates. *See Farmer v. Brennan*, 511 U.S. 825, 832–33 (1994). Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" *Id.* at 834 (quoting *Rhodes*, 452 U.S. at 347).

For a failure to protect claim against a prison official to be plausible, a plaintiff must allege that: (1) the conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial

5

risk of serious harm; and (3) the official's deliberate indifference caused harm. *See id.* Deliberate indifference in the context of a failure to protect claim requires the plaintiff to allege plausibly that the defendant prison officials "must actually [have been] aware of the existence of the excessive risk; it is not sufficient that [prison officials] should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). "However, subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." *Id.* (citing *Farmer*, 511 U.S. at 844).

Mr. Caiby asserts broadly that the Defendants were warned of the danger threatening him, but he does not report what anyone told him. In particular, he does not allege facts to suggest that any Defendant was aware that he would be assaulted either of the times that he mentions in his Complaint. On these facts, Mr. Caiby has not stated a plausible claim that the Defendants failed to protect him from harm. However, the Court cannot at this time conclude that Mr. Caiby will not be able to state a plausible claim, so the Court will dismiss this claim without prejudice and give Mr. Caiby an opportunity to file an amended complaint that contains more detail.

### D.     Defendants' Personal Involvement

In a Section 1983 action, each defendant must participate in the alleged constitutional violation. Therefore, a plaintiff must allege how each defendant was involved in the events and occurrences giving rise to the claims. *See Rode v. Dellarciprete*,

845 F.2d 1195, 1207 (3d Cir. 1998). For supervisory officials, there are "two general ways in which a supervisor-defendant may be liable for unconstitutional acts undertaken by subordinates." *Barkes v. First Corr. Med., Inc.*, 766 F.3d 307, 316 (3d Cir. 2014), *reversed on other grounds by Taylor v. Barkes*, 575 U.S. 822 (2015). First, a supervisor may be liable if he or she "'with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused [the] constitutional harm." *Id.* (quoting *A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372 F.3d 572, 586 (3d Cir. 2004) (alteration in original)). "Second, a supervisor may be personally liable under § 1983 if he or she participated in violating the plaintiff's rights, directed others to violate them, or, as the person in charge, had knowledge of and acquiesced in the subordinate's unconstitutional conduct." *Id.*

Read liberally, the gravamen of Mr. Caiby's claim is that the Defendants failed to protect him from assaults by his cellmate. In his Complaint, Mr. Caiby does not refer to the Defendants, except to identify them as parties. He does not allege whether or how any of the named Defendants was advised of the danger to Mr. Caiby and whether or how they used that information. Mr. Caiby makes no individualized allegations at all against the Defendants. It would be difficult for any of the Defendants to respond to Mr. Caiby's Complaint because it is not clear what Mr. Caiby alleges each Defendant did or how each Defendant is liable to Mr. Caiby. Therefore, Mr. Caiby has not stated a plausible claim against any Defendant. *Rode*, 845 F.2d at 1207; *Baraka v. McGreevey*, 481 F.3d 187, 210

(3d Cir. 2007) (quotations omitted); *see also Iqbal*, 556 U.S. at 676 (explaining that "[b]ecause vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."). The Court will give Mr. Caiby leave to file an amended complaint that provides the required specificity.

## IV.  CONCLUSION

The Court will dismiss the Complaint for failure to state a claim pursuant to 28 U.S.C. § 1915A(b)(1). Mr. Caiby may file an Amended Complaint to address the deficiencies that the Court has described. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

June 13, 2022