IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY V. CAIBY, | : | |
|    Plaintiff, | : | |
| | : | |
| v. | : | Case No. 2:21-cv-5357-JDW |
| | : | |
| JAMIE SORBER, et al., | : | |
|    Defendants. | : | |

**MEMORANDUM**

In his Amended Complaint, Anthony Caiby asserts claims against various prison officials who, he claims, stood by and allowed his cellmates to attack him on several occasions. The Court has screened the Complaint pursuant to 28 U.S.C. § 1915A and concludes that it is frivolous. Therefore, the Court will dismiss it. Because Mr. Caiby has had two bites at the apple, the Court will dismiss his claims with prejudice.

**I.   BACKGROUND**

Mr. Caiby claims that while he was housed at both SCI Graterford and SCI Phoenix, over some unspecified period of time, 11 cellmates have attacked him and that some unnamed person solicited those attacks. He notes that one attack occurred close in time to his receipt of mail from the United States District Court for the Middle District of Pennsylvania, and he suggests that the solicitation might have been retaliatory. He appears to ask the Court who solicited the attacks and why, among other things.

Mr. Caiby claims that in November 2019, his cellmate attacked him, and he was hospitalized. At some point, he was granted single-cell status. But in the Spring of 2020, he had a cellmate who attacked him three different times. He claims that he should not have had a cellmate during that time, but he does not make any allegation about who decided to put a cellmate with him or why. He claims that he filed a grievance about having a cellmate, but that the Defendants chose not to remove his cellmate. He also claims that he unsuccessfully tried to have his attackers arrested or prosecuted.

Mr. Clark asserts claims against Superintendent Sorber, Ms. Olivari, Ms. Clark, and some John and Jane Doe Defendants.[1] (Amended Complaint at 1, 2, 4.) He alleges that Superintendent Sorber implemented or maintained an unconstitutional policy of allowing the attacks to occur, which the other Defendants followed. He asserts claims for violations of his First, Sixth, Eighth, and Fourteenth Amendment rights. He seeks compensatory and punitive damages.

## II.   LEGAL STANDARD

Although Mr. Caiby has paid the filing fee in full, the Court has the authority to screen his Amended Complaint pursuant to 28 U.S.C. § 1915A. Section 1915A requires that the Court "review, before docketing, if feasible or, in any event, as soon as

---

[1] The Court understands Mr. Caiby to be asserting claims against the same Defendants he named in the original Complaint, notwithstanding his use of different given names for Defendants Olivari and Clark.

practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). In doing so, the Court must dismiss a complaint or any portion thereof that fails to state a claim under § 1915A(b)(1). The Court employs the familiar standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) to make that determination. *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

For a motion to dismiss, the Court must determine whether the Amended Complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). '"At this early stage of the litigation,' '[the Court will] accept the facts alleged in [the *pro se*] complaint as true,' 'draw[] all reasonable inferences in [the plaintiff's] favor,' and 'ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim.'" *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quote omitted). Conclusory allegations do not suffice. *See Ashcroft*, 556 U.S. at 678. Because Mr. Caiby is proceeding *pro se*, the Court construes his allegations liberally. *See Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

### III. ANALYSIS

Mr. Caiby's claims arise under 42 U.S.C. § 1983, which authorizes claims for violations of constitutional rights under color of state law. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws

3

of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988). Additionally, "[a] defendant in a civil rights action must have personal involvement in the alleged wrongs" to be liable. *See Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988).

### A.  Official Capacity Claims

Mr. Caiby asserts claims against each Defendant in his or her official capacity. The Court has explained to Mr. Caiby that the Eleventh Amendment bars such claims. *See Caiby v. Wetzel*, Case No. 2;21-cv-5357-JDW, 2022 WL 2116829, at *2 (E.D. Pa. June 13, 2022). Nothing has changed about that, and the claims remain non-viable.

### B.  Individual Capacity Claims

#### 1.  Failure to protect

The Eighth Amendment, made applicable to the individual states through the Fourteenth Amendment, prohibits states from inflicting "cruel and unusual punishments" on those convicted of crimes. *See Rhodes v. Chapman*, 452 U.S. 337, 344-46 (1981). Prison officials have a duty "to protect prisoners from violence at the hands of other prisoners." *Id.* at 833 (internal quotations omitted). "Being violently assaulted in prison is simply 'not part of the penalty that criminal offenders pay for their offenses against society.'" *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a plausible failure to protect claim under the Eighth Amendment, a plaintiff must allege that: (1) the

conditions in which he was incarcerated posed a substantial risk of serious harm; (2) the prison official acted with deliberate indifference to that substantial risk of serious harm; and (3) the official's deliberate indifference caused harm. *See id*.

Deliberate indifference in the context of a failure-to-protect claim requires the plaintiff to allege plausibly that the defendant prison officials "must actually [have been] aware of the existence of the excessive risk; it is not sufficient that [prison officials] should have been aware." *Beers-Capitol v. Whetzel*, 256 F.3d 120, 133 (3d Cir. 2001). "However, subjective knowledge on the part of the official can be proved by circumstantial evidence to the effect that the excessive risk was so obvious that the official must have known of the risk." *Id.* (citing *Farmer*, 511 U.S. at 844).

Mr. Caiby asserts broadly that 11 cellmates attacked him. He alleges that one cellmate attacked him on three separate occasions. He does not allege that any other cellmate attacked him more than once. Although he claims that he reported these attacks to medical and psychiatric staff, he does not allege that any of the psychiatric staff contacted any of the Defendants to advise them of any potential risk. Nor does he allege any Defendant was aware of a grievance that he filed. Read liberally, Mr. Caiby might be alleging that, given the number of attacks and the grievance(s) that he filed, the named Defendants should have been aware of the danger posed to him. However, to state a plausible claim, Mr. Caiby must allege plausibly that the named Defendants knew of the risk and were deliberately indifferent to it, not that they should have known

of the risk. *See Jefferson v. Little*, No. 22-2374, 2022 WL 14228884, at * 4 (E.D. Pa., Oct. 24, 2022). Thus, for a second time, Mr. Caiby has failed to state a plausible claim that the Defendants failed to protect him from harm.

Mr. Caiby could also be claiming that the placement of other inmates in his cell when he on single-cell status constitutes a failure to protect him. But the mere fact that he had a cellmate does not state a plausible constitutional claim, even if it was at odds with his prison status. *See Robinson v. Bureau of Health Care Services*, No. 20-1796, 2021 WL 4306116, at *4 (M.D. Pa. Sept. 22, 2021). Instead, Mr. Caiby would have had to allege "other adverse conditions" to convert the presence of a cellmate to a Constitutional violation. *Nami v. Fauver*, 82 F.3d 63, 67 (3d Cir. 1996).

Mr. Caiby's claims also fail because he has not made any allegation about any Defendant's involvement in the violations at issue. There are no allegations that any Defendant did (or failed to do) anything after having knowledge. To the extent that Mr. Caiby intends to assert a claim for supervisory liability, he would have to allege that a Defendant either acted "with deliberate indifference to the consequences, established and maintained a policy, practice or custom which directly caused the Constitutional harm, or participated in violating a plaintiff's rights, directed others to violate them, or as the person in change, had knowledge of and acquiesced in the subordinate's unconstitutional conduct. *See A.M. ex rel. J.M.K. v. Luzerne Cty. Juvenile Det. Ctr.*, 372

6

F.3d 572, 586 (3d Cir. 2004). He has not made any such allegation about any of the Defendants in this case (or any other identifiable individual).

### 2. Retaliation

Although it is not entirely clear, it appears that Mr. Caiby is alleging that the attacks and assaults he suffered were solicited as a means of retaliation for his filing of civil rights lawsuits. To state a plausible First Amendment retaliation claim, a prisoner must allege: (a) he engaged in constitutionally protected conduct; (b) he suffered an adverse action sufficient to deter a person of ordinary firmness from exercising his constitutional rights; and (c) the constitutionally protected conduct was "a substantial or motivating factor" for the adverse action. *Rauser v. Horn*, 241 F.3d 330, 333 (3d Cir. 2001)l A prisoner's filing of a lawsuit or grievance is constitutionally protected conduct. *See Watson v. Rozum*, 834 F.3d 417, 422 (3d Cir. 2016). Mr. Caiby does not state a plausible retaliation claim, however, because does not allege whether or how these Defendants solicited attacks or participated in that or other retaliatory conduct. As a result, the claim is not plausible and must be dismissed.

### C. Leave To Amend

The Court has given Mr. Caiby a chance to amend his complaint, and he failed a second time to state a plausible claim. Because he has "already had two chances to tell his story," the Court concludes that further amendment would be futile. *Jones v. Unknown D.O.C. Bus Driver & Transp. Crew*, 944 F.3d 478, 483 (3d Cir. 2019).

## IV. CONCLUSION

Mr. Caiby's Amended Complaint does not state a plausible claim against any Defendant. He's had two tries, and the Court will not give him a third. It will instead dismiss his case with prejudice. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

Dated: January 5, 2023